BRYAN SCHRODER
United States Attorney

ADAM ALEXANDER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: adam.alexander@usdoj.gov

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:18-cr-00056-SLG |
| | ) | |
| DMITRY KUDRYN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

### SUMMARY OF SENTENCING RECOMMENDATIONS

**TERM OF IMPRISONMENT** ........................................................................ **12 Months**

**SUPERVISED RELEASE** ............................................................................**Three Years**

**SPECIAL ASSESSMENT** ..................................................................................**$200.00**

COMES NOW the United States of America, by and through undersigned counsel, and hereby files this Sentencing Memorandum. For the reasons stated herein, the United States respectfully asks the Court to impose a sentence of 12 months' imprisonment, followed by a three-year term of supervised release as recommended by United States Probation.

## I.    INTRODUCTION

### a.  Investigation

The Final Pre-Sentence Report at Docket 80 provides an extremely comprehensive summary of Mr. Kudryn's activities relating to the count of conviction and relevant conduct. The following is only an abridged version of that more complete narrative.

Mr. Kudryn is an enterprising and industrious businessperson whose activities have been the subject of law enforcement attention for most of this decade. PSR ¶6. Beginning around 2012, Mr. Kudryn began purchasing grey-market or refurbished Apple products, repackaging them as new using counterfeit Chinese manufactured packaging, and marketing them for sale in Europe, primarily through the use of Amazon.com seller accounts. PSR ¶11. Due to the effort and industry of Mr. Kudryn, this grey-market scheme was staggeringly successful, netting somewhere in the area of $60 million dollars between 2011 and 2015. PSR ¶18.

In the course of his broader business activities involving Chinese manufactured goods, Mr. Kudryn began importing to the U.S. sofas manufactured in the PRCC beginning in 2014. PSR ¶ 22. He then began re-selling the Chinese manufactured furniture as "Italian made" or manufactured from "Italian leather" to retail purchasers in Alaska at a significant

markup using the Craigslist.com internet marketplace. PSR ¶ 23. Mr. Kudryn fraudulently sold hundreds of these sofa sets based on the material misrepresentation regarding the country of origin to individuals in the District of Alaska, including an undercover Homeland Security Investigations (HSI) investigator. PSR ¶24.

### b. Procedural History

Mr. Kudryn was charged by indictment in this matter on May 15, 2018. Dkt. 2. He appeared before the court on August 23, 2018 and entered a plea of guilty to Count 1 of the indictment, alleging conspiracy to commit wire fraud in relation to the sofa scheme. Dkt. 65, 67. In accordance with the terms of the plea agreement, Mr. Kudryn conceded the truth of the factual basis in the plea agreement at Docket 65, as well as the affidavit in support of a seizure warrant in matter 3:18-mj-00364-DMS related to the Apple scheme and stipulated to the forfeiture of $586,748.22 seized pursuant to that warrant and restitution to the victims of the sofa scheme. Dkt. 65, PSR ¶ 3.

## II.    SENTENCING CALCULATION

The maximum sentence resulting from a conviction for conspiracy to commit wire fraud in violation of 18 U.S.C §§ 1343 and 1349 is 20 years. The PSR has calculated the base offense level as 25, reflecting a base offense level of 7 pursuant to USSG §2B1.1(a)(1); a 12 level increase resulting from a loss between $250,000 and $550,000 pursuant to §2B1.1(b)(1)(G); a two-level increase resulting from the fact that there are 10 or more victims pursuant to USSG §2B1.1(b)(2)(A); a two-level increase resulting from a scheme committed outside of the United States and through the use of sophisticated means pursuant to USSG §2B1.1(b)(10)(B) and (C); a two-level increase resulting from the

unlawful use of identification documents pursuant to USSG §2B1.1(b)(11)(C)(i). PSR ¶¶ 43-47. The United States believes that the latter specific offense characteristic relating to false identification documents as stated in paragraph 47 should not be adopted by the court because, although true, it relates to the Apple scheme rather than the count of conviction related to the sofa scheme. As a result, the total offense level, adjusted for a three-level acceptance of responsibility pursuant to USSG §3E1.1(a) and (b) should be 20, with a resulting advisory sentencing range of 33-41 months' imprisonment.

Regardless of the advisory range, the PSR recommends as substantial downward departure to a sentence of 12 months' imprisonment followed by three years supervised release as well as the forfeiture and restitution conditions as required in the plea agreement.

## III. GOVERNMENT'S RECOMMENDATION

There are few easy applications of the court's sentencing obligations in any criminal case, and Mr. Kudryn's matter is no exception. The PSR provides the court with an extremely detailed breakdown of Mr. Kudryn's business activities, legal and otherwise, for the better part of the past decade. By any standard Mr. Kudryn has demonstrated the ability to be successful in any field; unfortunately for he and his family some of those many and varied activities have verged from "gray-market" to outright fraudulent.

In undertaking an analysis of the 18 U.S.C. §3553(a) factors, the court is presented with the question of what non-disparate sentence is sufficient but not greater than necessary to reflect the nature and seriousness of the offense of conviction in light of Mr. Kudryn's personal history characteristics, while providing for both general and specific deterrence.

According to the PSR, Mr. Kudryn is a hardworking first-generation American who emigrated from the Ukraine as a young child and became a prosperous member of his community here in Alaska, where he has raised a family. PSR ¶ 2. The PSR also notes that the conduct resulting in the offense of conviction relating to the sofa scheme as well as the civil forfeiture relating to the stipulated facts of the Apple scheme reflect a long-standing and escalating pattern of occasionally criminal business activity. PSR ¶¶ 2-5.

This tension – not uncommon in this type of offense - between Mr. Kudryn's obvious ability to succeed in business and his equally obvious inclination to skirt the law in pursuit of that success has no obvious answer, other than the hope that his conviction in this case presents him with the opportunity to refocus his entrepreneurial abilities on legal business activities. The PSR notes that Mr. Kudryn has performed well on supervision and that there has been no further reports of criminal activity since he was charged in this case. PSR ¶2. The United States certainly hopes that his willingness to accept responsibility for his criminal conduct; forfeit illegal gains; and make restitution to his victims bodes well for his prospects for rehabilitation, and for those reasons joins Probation's recommendations for a sentence of imprisonment of 12 months to be followed by three years supervised release, as well as the forfeiture of the seized assets; payment of restitution; and any fine the court may impose.

//

//

//

## IV.     CONCLUSION

For the above stated reasons, the United States joins the sentencing recommendation of United States Probation in this matter as outlined in the Final Pre-Sentence Report at Docket 80.

RESPECTFULLY SUBMITTED this 28th day of May, 2019, in Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney

*s/ Adam Alexander*
ADAM ALEXANDER
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2019, a copy of the foregoing was served electronically on:

Steven M. Wells

*s/ Adam Alexander*
Office of the U.S. Attorney